UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| EMILY PERKINS | CIVIL ACTION |
|---|---|
| VERSUS | NO. 12-0015 |
| IBERVILLE PARISH SCHOOL BOARD | SECTION: "G"(5) |

## ORDER AND REASONS

Before the Court is a Motion to Dismiss[1] filed by Defendant Iberville Parish School Board (hereinafter, the "School Board" or "Defendant"), wherein Defendant requests dismissal of Plaintiff Emily Perkins' ("Plaintiff") complaint for failure to properly bring the action under 42 U.S.C. § 1983 and to state a claim against the School Board for which relief may be granted. Having considered the motion, the memorandum in support, the complaint, and the applicable law, the Court will grant the motion.

## I. Background

### A. *Procedural Background*

On January 10, 2012, Plaintiff filed this action in the Middle District of Louisiana; however, pursuant to a General Order signed by Chief Judge Brian A. Jackson on February 6, 2012, this matter was reassigned to this section, Section "G," in the Eastern District of Louisiana.[2] On October 17, 2012, the School Board filed the instant Motion to Dismiss,[3] and Plaintiff filed an opposition on November 13, 2012.[4]

---

[1] Rec. Doc. 7.

[2] Rec. Doc. 3.

[3] Rec. Doc. 7.

[4] Rec. Doc. 8.

1

*B. Factual Background*

Plaintiff is an African-American female employed as a special education teacher by the School Board during the 2010 to 2011 school year.[5] Plaintiff alleges that she was harassed by two Caucasian supervisors: first by Ms. Outlaw, the principal and then by her successor as principal, Ms. DeLouise.[6] Specifically, Plaintiff alleges that the harassment consisted of:

> being required to sign in when going into class; taking students back to their class to do intervention;
> not being able to make a schedule for her white paraprofessional; undergo an excessive number of formal evaluations; being stopped in the hallway and asked where she was going; being required to explain her whereabouts; being unable to return to her home classroom such that she was forced to carry a heavy load of books, etc; and being subjected to unscheduled observations, at
> least one of which ended up as a one-hour evaluation.[7]

At the end of the school year Perkins was not recommended for renewal by Ms. Delouise and her contract was not renewed.[8]

## II. The Parties' Arguments

The School Board argues that this matter should be dismissed because the Complaint fails to allege (1) "the proper federal statute under which the plaintiff's claims must be brought;" and (2) the "facts which would support a viable Section 1983 claim for a violation of Section 1981."[9] The School Board first explains that "[t]o assert a [Title 42, United States Code,] Section 1981 claim of racial discrimination against a state actor, a plaintiff must assert a cause of action under Section

---

[5] Rec. Doc. 1 ¶ 3.

[6] *Id.* Plaintiff does not provide the full names of Ms. Outlaw or Ms. DeLouise.

[7] *Id.* ¶ 5.

[8] *Id.* ¶ 6.

[9] Rec. Doc. 7 at p. 6.

1983."[10] The School Board contends that as a political subdivision of the State of Louisiana, it is "a state actor for purposes os Sections 1981 and 1983," and therefore, Plaintiff must properly utilize Section 1983 to pursue the alleged Section 1981 claims.[11]

In the opposition to the motion, Plaintiff argues that "[t]o the extent [] the complaint states an incomplete statutory basis, that is not . . . a fatal flaw," because the "legal sufficiency of a complaint is measured by whether it meets the pleading standards set forth in FRCP 8."[12] According to Plaintiff, the complaint need only contain a "short and plain statement of the grounds for the court's jurisdiction," which she maintains she has provided by asserting this Court's original jurisdiction in any civil action authorized by law to redress a deprivation of civil rights, pursuant to 28 U.S.C. § 1343.[13] Moreover, Plaintiff contends that dismissals for failure to state a claim are disfavored, and leave to amend should be granted to allow the omission to be cured by amendment.[14]

Next, the School Board notes that the Complaint only alleges acts of harassment by Ms. Outlaw and Ms. DeLouise, and fails to "point to a policy or a procedure of the School Board that violated her civil rights or even allege that either principal had policymaking authority on behalf of the School Board."[15] The School Board avers that the complaint effectively seeks to establish a claim against the School Board "based on vicarious liability under a *respondeat superior* theory," which is not permitted under Section 1983, which only allows a municipality and other local

---

[10] Rec. Doc. 7 at p. 6 (citing *Oden v. Oktibbeha Cnty, Miss.*, 246 F.3d 458, 462-63 (5th Cir. 2001)).

[11] *Id.*

[12] Rec. Doc. 8 at p. 1.

[13] *Id.*

[14] *Id.* at pp. 1-2.

[15] Rec. Doc. 7 at p. 8.

3

governmental units, including a school board, to be sued "if the plaintiff's alleged deprivation of rights stems from the municipality's *unconstitutional or illegal policies*."[16] Moreover, the School Board contends "that Section 1983 provides the 'exclusive federal damages remedy' for a violation of the rights guaranteed by Section 1981 when the claim is against a state actor."[17]

On this issue, Plaintiff concedes that she cannot point to an unconstitutional or illegal policy on behalf of the School Board, but she "asserts that she can allege individual liability on the part of the two school principals who are expressly named in the complaint."[18] Plaintiff avers that leave to amend is appropriate because Ms. Outlaw and Ms. DeLouise "would have sufficient notice of the complaint so as not to be prejudiced in defending on the merits and knew or should have known that ths [sic] suit would have been brought against them but for a mistake in identifying the proper party."[19]

### III. Law and Analysis

*A. Motion to Dismiss*

The Federal Rules of Civil Procedure provide that an action may be dismissed "for failure to state a claim upon which relief can be granted."[20] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible

---

[16] *Id.* at p. 7 (emphasis in original) (quoting *Weathers v. Lafayette Parish Sch. Bd.*, 520 F. Supp. 2d 827, 831 (W.D. La. 2007)).

[17] *Id.* (quoting *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 735 (1989)).

[18] Rec. Doc. 8 at p. 2.

[19] *Id.* (citing *Krupski v. Costa Crociere SpA*, 130 S.Ct. 2485, 2493 (2010); *Skoczylas v. Federal Bureau of Prisons*, 961 F.2d 543, 545 (5th Cir. 1992).

[20] Fed. R. Civ. P. 12(b)(6).

4

on its face.'"²¹ "Factual allegations must be enough to raise a right to relief above the speculative level,"²² and a claim is facially plausible when the plaintiff has pled facts that allow the court to "draw a reasonable inference that the defendant is liable for the misconduct alleged."²³

On a motion to dismiss, asserted claims are liberally construed in favor of the claimant, and all facts pleaded are taken as true.²⁴ However, although required to accept all "well-pleaded facts" as true, the court is not required to accept legal conclusions as true.²⁵ "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."²⁶ Similarly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" will not suffice.²⁷ The complaint need not contain detailed factual allegations, but it must offer more than mere labels, legal conclusions, or formulaic recitations of the elements of a cause of action.²⁸ That is, the complaint must offer more than an "unadorned, the defendant-unlawfully-harmed-me accusation."²⁹ From the face of the complaint, there must be enough factual matter to raise a reasonable expectation that discovery will reveal evidence as to each element of the asserted

---

²¹ *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2008)).

²² *Twombly*, 550 U.S. at 556.

²³ *Id.* at 570.

²⁴ *Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993); *see also Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322-23 (2007).

²⁵ *Iqbal*, 556 U.S. 662, 677-78.

²⁶ *Id.* at 679.

²⁷ *Id.* at 678.

²⁸ *Id.*

²⁹ *Id.*

5

claims.[30] If factual allegations are insufficient to raise a right to relief above the speculative level, or if it is apparent from the face of the complaint that there is an "insuperable" bar to relief, the claim must be dismissed.[31]

## B. *Incomplete Statutory Citation in the Complaint*

Federal Rule of Civil Procedure 8 governs the contents of pleading that are necessary to state a claim for relief, and requires:

> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

In *Doss v. South Central Bell Telephone Co.*,[32] the United States Court of Appeals for the Fifth Circuit found that dismissal was improper where the plaintiff cited Title VII instead of the Age Discrimination and Employment Act ("ADEA"), 29 U.S.C. §§ 621-624, but where she nonetheless stated a claim for age discrimination.[33] Although the Fifth Circuit noted that "the failure to allege violation of the ADEA was not a technical mistake, but rather, a conscious decision made under an incorrect analysis of the law," the Fifth Circuit nevertheless emphasized that motions to dismiss for failure to state a claim are viewed with disfavor," and "the fact that a plaintiff pleads an improper

---

[30] *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009).

[31] *Moore v. Metropolitan Human Serv. Dep't*, No. 09-6470, 2010 WL 1462224, at * 2 (E.D. La. Apr. 8, 2010) (Vance, C.J.) (citing *Jones v. Bock*, 549 U.S. 199, 215 (2007); *Carbe v. Lappin*, 492 F.3d 325, 328 & n. 9 (5th Cir. 2007)).

[32] 834 F.2d 421 (5th Cir. 1987).

[33] *Id.* at 423.

6

legal theory does not preclude recovery under the proper theory."[34]

Here, Plaintiff has provided the Court with "a short and plain statement of the grounds for the court's jurisdiction," as required to state a claim under Rule 8. Specifically, Plaintiff alleges that this Court has jurisdiction pursuant to 28 U.S.C. § 1343.[35] However, Plaintiff has failed to properly cite 42 U.S.C. § 1983, which "provides the exclusive federal damages remedy for the violation of the rights guaranteed by § 1981 when the claim is pressed against a state actor."[36] The Fifth Circuit's decision in *Doss* clearly instructs that Plaintiff's failure to accurately cite the statutory basis of her cause of action does not warrant dismissal.

## *C. Failure to Allege an Unconstitutional Policy Under Section 1983*

It is well established that the an express "action at law" under 42 U.S.C. § 1983 provides the exclusive federal damages remedy for the violation of rights guaranteed by § 1981 when the alleged violation was by a state actor.[37] Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

Municipalities and other local governmental units, including school boards, may be sued under § 1983, but the plaintiff's alleged deprivation of rights must stem from the school board's

---

[34] *Id.* (citing *Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982); *Oglala Sioux Tribe of Indians v. Andrus*, 603 F.2d 707 (8th Cir. 1979)). *See also S. Constr. Grp., Inc. v. Dynalectric Co.*, 2 F.3d 606, 609 n. 5 (5th Cir. 1993) (noting that the relief need not always be specifically enumerated if a viable claim for such relief has been stated).

[35] Rec. Doc. 1 ¶1.

[36] *Jett*, 491 U.S. at 735.

[37] *Id.*

Case 3:12-cv-00015-NJB-AC   Document 9   05/02/13   Page 7 of 13

unconstitutional or illegal policies or decisions.[38] The United States Supreme Court stated in *Monell v. Department of Social Services of City of New York*,[39] that a municipality "cannot be held liable solely because it employs a tortfeasor–or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory."[40] The Supreme Court further explained that "it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983."[41]

Plaintiff concedes that she cannot make a "*Monell* allegation," which precludes her from establishing liability on behalf of the School Board because she cannot identify an unconstitutional policy or procedure of the School Board that violated her civil rights.[42] Plaintiff also does not claim that either principal had policymaking authority on behalf of the School Board. Accordingly, the Plaintiff has failed to state a claim upon which relief can be granted against the School Board, and the Court will dismiss the School Board as a defendant.

### D. Leave to Amend

*1. Applicable Law*

Plaintiff acknowledges the potential errors in the complaint, and in opposition to the pending motion she informally requests leave to amend in order to "allege individual liability on the part of the two school principals . . . expressly named in the complaint, that is, Ms. Outlaw, and her

---

[38] *See Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 690 (1978).

[39] 436 U.S. 658.

[40] *Id.*

[41] *Id.* at 694.

[42] *See* Rec. Doc. 8 at p. 2.

8

successor, Ms. DeLouise."[43] At this time, Plaintiff's request to amend does not run afoul of any deadlines for amending pleadings as there is no scheduling order entered in this matter. Therefore, Federal Rule of Civil Procedure 15(a) provides the applicable standard in determining whether leave to amend should be granted. That rule states that district courts "should freely give leave [to amend] when justice so requires."[44] The Fifth Circuit has elaborated on leave to amend under Rule 15(a) by explaining that a motion for leave to amend should not be denied "unless there is a substantial reason to do so,"[45] such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and *futility of amendment*."[46]

In *Jacobsen v. Osborne*,[47] the Fifth Circuit discussed the denial of a motion to amend on the basis of futility, because the proposed amendment would be time-barred. In *Jacobsen*, the plaintiff brought a Section 1983 claim against one named officer and one officer referred to as "John Doe," because the plaintiff did not know his identity.[48] Over two years after the alleged incident, the plaintiff moved to amend the pleadings to add the correct defendants.[49] First, the plaintiff had mistakenly named the transporting, instead of the arresting officer, because an answer to an

---

[43] *Id.*

[44] *See S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 536 n. 4 (5th Cir. 2003) (concluding that "the presence of a scheduling order renders the Rule 15 inquiry secondary" to the Rule 16(b) determination as to the existence of good cause).

[45] *Jacobsen v. Osborne*, 133 F.3d 315, 318 (5th Cir. 1998) (citing *Leffall v. Dallas Indep. Sch. Dist.*, 28 F.3d 521, 524 (5th Cir. 1994)).

[46] *Id.* (emphasis in original) (citing *In re Southmark Corp.* 88 F.3d 311, 314-15 (5th Cir. 1996) (emphasis added).

[47] 133 F.3d 315.

[48] *Id.* at 317.

[49] *Id.*

9

interrogatory incorrectly listed the transporting officer as the arresting officer. Second, the plaintiff sought to amend the complaint to add the actual identity of the "John Doe" officer, which he learned in discovery. The district court denied the motion to amend on the grounds that it was "futile," reasoning that the claims against the newly proposed defendants were now time-barred.[50]

On appeal of the district court's decision in *Jacobsen*, the Fifth Circuit reversed in part and affirmed in part, holding that an amendment relates back to the original complaint under Rule 15(c) when (1) the basic claim arose out of the conduct set forth in the original proceeding; (2) the party brought in received such notice that it will not be prejudiced in maintaining its defense; (3) the party must or should have known that, but for the mistake concerning identity, the action would have been brought against it; and (4) the second and third requirements were fulfilled within 120 days following filing of the complaint, or longer if good cause is shown.[51] However, the court held that an amendment to change a party name will only relate back when the change is the result of an error, "such as a misnomer or misidentification."[52] The Fifth Circuit adopted the approach followed by First and Second Circuits that a plaintiff's failure to name individual officers because he does not know their identity does not constitute a "mistake" that will allow relation back.[53] Therefore, the Fifth Circuit found that an amendment would relate back for the misidentified arresting officer, but not the previously unknown "John Doe" officer. The court explained that the "John Doe" officer was not omitted because of a mistake or misidentification, and therefore "the Rule does not allow

---

[50] *Id.* at 318.

[51] *Id.* at 319-20.

[52] *Id.* at 320.

[53] *Id.* at 321.

10

Case 3:12-cv-00015-NJB-AC   Document 9   05/02/13   Page 10 of 13

relation back to the filing of the original complaint."[54] In *Miller v. Mancuso*,[55] the Fifth Circuit expounded on this standard and held that "failing to identify individual defendants cannot be characterized as a mistake," for purposes of relating back under Rule 15(c).[56]

In *Labella v. Kenner City*,[57] this Court did not permit the plaintiff to amend the complaint after failing to identify the correct defendant, because although the issue was not fully briefed or properly before the Court, the Fifth Circuit's decisions in *Jacobsen* and *Miller* cast significant doubt on the viability of the plaintiff's proposed amendment.[58] The plaintiff in *Labella* filed a Section 1983 claim against the Kenner Police Department and the City of Kenner for the actions of an arresting officer, whom Plaintiff referred to as an "unidentified officer."[59] This Court found the "unidentified officer" analogous to the "John Doe" officer in *Jacobsen*, and therefore concluded that amendment would be futile.[60]

*2. Analysis*

In this case, Fifth Circuit suggests that leave to amend should be granted if Plaintiff's proposed amendment would not be futile. Determining the futility of an amendment requires the Court to first ascertain when Plaintiff's claim accrued and the applicable limitations period. It is

---

[54] *Id.* at 321-22.

[55] 388 Fed. App'x. 389 (5th Cir. 2010).

[56] *Id.* at 391.

[57] No. 11-27420, 2013 WL 149456, at *4 (E.D. La. Jan. 14, 2013).

[58] *Id.*

[59] *Id.* at *1.

[60] *Id.* at *4.

11

well-established that, for a Section 1983 action, "the court looks to the forum state's personal-injury limitations period."[61] "In Louisiana, that period is one year."[62] However, "federal law determines when a § 1983 claim accrues."[63] In the context of a Section 1983 employment discrimination case such as this, the limitation period "commences when the plaintiff knows or reasonably should know that the discriminatory act has occurred."[64]

The allegations of harassment and discriminatory non-renewal of Plaintiff's contract occurred during the 2010 to 2011 school year. In this situation, Plaintiff clearly had knowledge of the actions she alleges were discriminatory as they occurred. Unfortunately, the complaint provides very little factual detail, but it seems that her claim accrued, at the latest, "at the end of the school year" when she was allegedly "not recommended for renewal by Ms. DeLouise, and, in fact, was not renewed." Therefore, considering the length of a normal school year running from approximately August of 2010 to June of 2011, the limitations period on Plaintiff's claim expired in June of 2012. Plaintiff did not seek leave to amend, even informally, until the opposition was filed on November 13, 2012. Accordingly, unless the proposed amendment to state a claim against the school principals individually relates back to the complaint under Federal Rule of Civil Procedure 15(c), Plaintiff's proposed amendment would be futile because it is time-barred.

Although Ms. Outlaw and Ms. DeLouise are identified in the complaint as Plaintiff notes,

---

[61] *Jacobsen*, 133 F.3d at 319 (citing *Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir. 1994).

[62] *Id.* (citing *Elzy v. Roberson*, 868 F.2d 793, 794 (5th Cir. 1989).

[63] *Id.* (citing *Moore*, 30 F.3d at 620).

[64] *McWilliams v. Escambia Cnty. Sch. Bd.*, 658 F.2d 326, 330 (Former 5th Cir. 1981) (citing *Drayden v. Needville Indep. Sch. Distr.*, 642 F.2d 129, 131-32 (5th Cir. 1981); *Rubin v. O'Koren*, 621 F.2d 114, 116 (5th Cir. 1980), *modified in part on other grounds on reh'g*, 644 F.2d 1023 (5th Cir. 1981); *Lavellee v. Listi*, 611 F.2d 1129, 1131 (5th Cir. 1980); *Hamilton v. General Motors Corp.*, 606 F.2d 576, 579 (5th Cir. 1979), *cert. denied*, 447 U.S. 907 (1980)).

they were not named defendants and this is not an instance of a mistake or misidentification that would allow relation back of the proposed amendment under Rule 15(c).[65] Much like the situation before this Court in *Labella* where the "unidentified officer" was not named as a defendant in the original pleadings, Plaintiff simply did not identify the principals as individual defendants. Indeed, the Fifth Circuit clearly articulated in *Miller* that "failing to identify individual defendants cannot be characterized as a mistake," for purposes of relating back under Rule 15(c).[66] Where Plaintiff clearly knew the identities of Ms. Outlaw and Ms. DeLouise but simply did not identify them as individual defendants, the proposed amendment would be futile because the limitation period on the claim has expired.

## IV. Conclusion

For the foregoing reasons,

**IT IS HEREBY ORDERED** that the Motion to Dismiss[67] is **GRANTED** and the complaint is **DISMISSED WITH PREJUDICE**.

**NEW ORLEANS, LOUISIANA**, this  2nd  day of May, 2013.

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[65] 388 Fed. App'x. at 391.

[66] 388 Fed. App'x. 389 (5th Cir. 2010).

[67] Rec. Doc. 7.

13