UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

EMILY PERKINS                                    CIVIL ACTION

VERSUS                                           NO.: 12-0015

IBERVILLE PARISH SCHOOL BOARD                    SECTION: G(5)

## ORDER AND REASONS

The Court is in receipt of Plaintiff Emily Perkins' ("Plaintiff") Motion to Alter or Amend,[1] wherein Plaintiff seeks reconsideration of this Court's prior ruling dismissing Plaintiff's complaint with prejudice for failure to state a claim upon which relief can be granted.[2] Having considered the motion, the memorandum in support, and the applicable law, the Court will deny the motion.

## I. Background

The Court has previously detailed the factual and procedural background of this matter in its Order and Reasons granting Defendant Iberville Parish School Board's ("Defendant") Motion to Dismiss.[3] Therefore, the Court will only provide here the factual and procedural background as it pertains to the pending motion.

On January 10, 2012, Plaintiff filed this action in the Middle District of Louisiana; however, pursuant to a General Order signed by Chief Judge Brian A. Jackson on February 6, 2012, this matter was reassigned to this section, Section "G," in the Eastern District of Louisiana.[4]

---

[1] Rec. Doc. 11.

[2] *See* Order & Reasons, Rec. Doc. 9.

[3] *Id.* at pp. 1-4.

[4] Rec. Doc. 3.

In the complaint, Plaintiff brought her claim "under 42 USC sec. 1981 as amended," and sought "all legal and equitable relief under both counts, including lost wages, loss of leave, physical pain and suffering, emotional distress, related medical and prescriptive drug cost, attorney fees, costs, and trial by jury."[5] Although Plaintiff failed to properly cite 42 U.S.C. § 1983, which "provides the exclusive federal damages remedy for the violation of the rights guaranteed by § 1981 when the claim is pressed against a state actor,"[6] the Court nevertheless interpreted Plaintiff's complaint to implicate § 1981 and § 1983.

On May 2, 2013, this Court dismissed Plaintiff's complaint with prejudice for failure to state a claim upon which relief can be granted and did not permit Plaintiff to amend the complaint to state claims against the school principals, individually, because the limitation period on the claims had expired and any such amendment would have been futile.[7]

On May 29, 2013, Plaintiff filed the instant motion requesting that the Court "alter or amend the judgment to conditionally dismiss the complaint subject to Plaintiff's filing the action in state court" within 30 days.[8] Defendant opposed the motion on June 11, 2013,[9] and Plaintiff filed a reply with leave of court.[10]

---

[5] Rec. Doc. 1 ¶¶ 1, 8.

[6] *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 735 (1989).

[7] *See* Rec. Doc. 9 at pp. 8, 13.

[8] Rec. Doc. 11-1 at pp. 2-3.

[9] Rec. Doc. 12.

[10] Rec. Doc. 13.

## II. Parties' Arguments

In support of the pending motion, Plaintiff recognizes that regardless of whether the Court had dismissed Plaintiff's complaint with or without prejudice, any claim in state court would have been precluded by *res judicata* or the limitations period, respectively.[11] However, Plaintiff claims that the Court should amend the judgment to prevent "manifest injustice" by "foreclosing the possibility of some recovery by the plaintiff," because "[h]ad the matter proceed[ed] on a faster course [in federal court], re-filing in state court could have been done on a motion for involuntary dismissal without prejudice before the one-year deadline."[12]

In opposition to the motion for reconsideration, Defendant notes that Plaintiff's complaint contained no claims based on state law, and therefore, there is no need for a dismissal without prejudice to permit the refiling of state law claims.[13] Further, Defendant avers that permitting Plaintiff to "re-file her action in state court" would be futile because any new claims under § 1981 and § 1983 have prescribed, and Plaintiff's failure to name known individuals could not be cured by an amendment to the complaint.[14] In addition, Defendant disputes Plaintiff's contention that a "a faster track of this case would have allowed her to correct her failures within the prescriptive period, is disingenuous and should be rejected," because Plaintiff did not even mention adding the individual defendants until well outside of the prescriptive period.[15] Finally, Defendant contends that allowing Plaintiff to refile her action in state court is also futile, because Plaintiff

---
[11] *Id.* at p. 1.

[12] *Id.* at p. 2.

[13] Rec. Doc. 12 at p. 2.

[14] *Id.*

[15] *Id.*

3

Case 3:12-cv-00015-NJB-AC   Document 14   07/02/13   Page 3 of 9

"has already admitted that she has no facts to back her claims of race discrimination against [Defendant]."[16]

In reply, Plaintiff reiterates arguments asserted in the Motion to Alter or Amend. Plaintiff also argues that a state law cause of action would be available to Plaintiff under Louisiana Revised Statute § 23:303 if this Court amends it's previous order and grants a conditional dismissal.[17]

## II. Law and Analysis

### A. *Standard on a Motion for Reconsideration*

Although the Fifth Circuit has noted that the Federal Rules "do not recognize a 'motion for reconsideration' *in haec verba*,"[18] it has consistently recognized that such a motion may challenge a judgment or order under Federal Rules of Civil Procedure 54(b), 59(e), or 60(b).[19] Such a motion "calls into question the correctness of a judgment,"[20] and courts have considerable discretion in deciding whether to grant such a motion.[21] In exercising this discretion, courts must carefully balance the interests of justice with the need for finality.[22] Courts in the Eastern District

---

[16] *Id.* at p. 3.

[17] Rec. Doc. 13-3.

[18] *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990).

[19] *Id*. (Rules 59 and 60); *Castrillo v. Am. Home Mortg. Servicing, Inc.*, No. 09-4369, 2010 WL 1424398, at **3-4 (E.D. La. Apr. 5, 2010) (Vance, C.J.) (Rule 54).

[20] *Tex. Comptroller of Pub. Accounts v. Transtexas Gas Corp. (In re Transtexas Gas Corp.)*, 303 F.3d 571, 581 (5th Cir. 2002).

[21] *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 355 (5th Cir. 1993).

[22] *Id.* at 355-56.

4

of Louisiana have generally considered four factors in deciding motions for reconsideration, which are typically decided under the Rule 59(e) standard:

> (1) the motion is necessary to correct a manifest error of law or fact upon which the judgment is based;
> (2) the movant presents newly discovered or previously unavailable evidence;
> (3) the motion is necessary in order to prevent manifest injustice; or
> (4) the motion is justified by an intervening change in controlling law.[23]

A motion for reconsideration, "'[is] not the proper vehicle for rehashing evidence, legal theories, or arguments. . . .'"[24] Instead, such motions "serve the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence."[25] "It is well settled that motions for reconsideration should not be used . . . to re-urge matters that have already been advanced by a party."[26]

Reconsideration, therefore, is not to be lightly granted, as "[r]econsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly"[27] and the motion must "clearly establish" that reconsideration is warranted.[28] When there exists no independent reason for reconsideration other than mere disagreement with a prior order, reconsideration is a waste of judicial time and resources and should not be granted.[29]

---

[23] *See, e.g.*, *Castrillo*, 2010 WL 1424398, at *4 (citations omitted).

[24] *Id.* (quoting *Templet v. HydroChem Inc.*, 367 F.3d 473, 478-79 (5th Cir. 2004)).

[25] *See Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989).

[26] *Helena Labs.*, 483 F. Supp. 2d at 539 (citing *Browning v. Navarro*, 894 F.2d 99, 100 (5th Cir. 1990)).

[27] *Templet*, 367 F.3d at 478-79 (citation omitted).

[28] *Schiller v. Physicians Res. Group Inc.*, 342 F.3d 563, 567 (5th Cir. 2003).

[29] *Livingston Downs Racing Ass'n v. Jefferson Downs Corp.*, 259 F. Supp. 2d 471, 481 (M.D. La. 2002). *See also Mata v. Schoch*, 337 BR 138, 145 (S.D. Tex. 2005) (refusing reconsideration where no new evidence was presented). *See also FDIC v. Cage*, 810 F.Supp. 745, 747 (S.D. Miss. 1993) (refusing reconsideration where the motion merely disagreed with the court and did not demonstrate clear error of law or manifest injustice).

*B. Analysis*

This Court granted Defendant's motion to dismiss for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6) and dismissed the complaint with prejudice.[30] The doctrine of *res judicata* provides that "[a] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action.[31] "A dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is a 'judgment on the merits.'"[32] As Plaintiff recognizes, such an adjudication on the merits, provided for under Federal Rule of Civil Procedure 41(b) as a dismissal "with prejudice," bars Plaintiff from refiling her claim in state court based upon the principle of *res judicata*.[33]

Here, Plaintiff does not challenge the basis of the Court's decision, but rather requests a conditional dismissal so that she may refile her claims in state court. Although Plaintiff does not articulate why she is entitled to a conditional dismissal, she cites *Moses v. University Hospital*,[34] a case from the United States District Court for the District of Columbia, in support of her request. In *Moses*, when the district court granted summary judgment dismissing the plaintiff's remaining claim on judicial estoppel grounds because the plaintiff had failed to disclose the claim in two contemporaneous bankruptcy proceedings, the district court was not aware that the

---

[30] *See* Rec. Doc. 9.

[31] *Federated Dept. Store, Inc. v. Moitie*, 452 U.S. 394, 398 (1981) (citing *Commissioner v. Sunnen*, 333 U.S. 591, 597 (1948)).

[32] *Id.* at 399 n. 3 (citing *Angel v. Bullington*, 330 U.S. 183, 190 (1946)).

[33] *Id.* at 398-99.

[34] 601 F. Supp. 2d 1 (2009).

6

plaintiff's Chapter 7 Bankruptcy trustee was already involved in negotiations relating to the case[35] Therefore, the Court granted the *trustee's* motion to amend the judgment, to allow the *trustee* to pursue the plaintiff's claim on behalf of the bankruptcy estate, in accordance with Chapter 7 of the Bankruptcy Code.[36] The district court specifically noted that the amendment to the order was permitted to avoid the manifest injustice of disadvantaging the plaintiff's creditors–an unintended and undesirable consequences of the district court's prior decision to dismiss the claim.[37]

The Court can find no similarity between *Moses* and the instant case. In deciding the motion to dismiss, this Court determined that Plaintiff is not entitled to recovery based on the facts she alleged in her complaint, because she failed to state any cognizable cause of action. No manifest injustice results when the Court makes a determination that Plaintiff failed to state a cause of action and dismisses with prejudice Plaintiff's claims based on federal law.[38] Thus, *res judicata* appropriately applies to bar a subsequent state court action on a claim that a federal court has adjudicated on the merits.

Further, the Court finds Plaintiff's argument that a delay in ruling on this motion impacted Plaintiff's ability to file this action in state court unavailing. Plaintiff chose a federal forum to assert her claim of discrimination under federal law, without stating any state law claims, and the Court ruled on the merits of her claim. Even if this motion had been decided more expeditiously, the outcome–a dismissal with prejudice–would have been the same, and Plaintiff would have

---

[35] *Id.* at 2-3.

[36] *Id.* at 4.

[37] *Id.* at 5.

[38] Plaintiff's complaint did not contain any indication that she was asserting any state law claims.

7

been barred from asserting any action in state court "arising from a 'common nucleus of operative facts'"[39] under the doctrine of *res judicata*. Therefore, the time in which it took this Court to rule on this motion has no bearing on the appropriate resolution of this case.

To allow Plaintiff to file the same action in state court would contradict well-established law that "[a] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action."[40] Further, the rule against claim-splitting required Plaintiff to bring all claims arising from a "single legal wrong" in one cause of action,[41] and therefore, the Court is not persuaded by Plaintiff's assertion that this Court should amend its decision to allow Plaintiff to "file an action against the employer under La. RS 23:303."[42] Plaintiff failed to assert a cause of action pursuant to Louisiana Revised Statute § 23:303 in her complaint, and she may not rely on this failure to support a motion for reconsideration under Rule 59(e).

Moreover, the Supreme Court has stated that "[t]here is simply 'no principle of law or equity which sanctions the rejection by a federal court of the salutary principle of res judicata.'"[43] Finally, reconsideration of the Court's prior order would be inappropriate and a waste of judicial resources in a case such as this where "there exists no independent reason for reconsideration

---

[39] *Proctor & Gamble Co. v. Amway Corp.*, 376 F.3d 496, 499 (5th 2004) (citing *Agrilectric Power Partners, Ltd. v. Gen. Elec. Co.*, 20 F.3d 663 (5th Cir. 1994)).

[40] *Federated Dept. Store, Inc.*, 452 U.S. at 398 (citing *Commissioner*, 333 U.S. at 597).

[41] *Gideon v. Johns-Manville Sales Corp.*, 761 F.2d 1129, 1136 (5th Cir. 1985).

[42] Rec. Doc. 13-3 at p. 1.

[43] *Federated Dept. Store, Inc.*, 452 U.S. at 401 (quoting *Heiser v. Woodruff*, 327 U.S. 726, 733 (1946))

8

Case 3:12-cv-00015-NJB-AC Document 14 07/02/13 Page 8 of 9

other than mere disagreement with a prior order."[44]

## III. Conclusion

For the foregoing reasons,

**IT IS HEREBY ORDERED** that the Motion to Alter or Amend[45] is **DENIED**.

**NEW ORLEANS, LOUISIANA**, this __2nd__ day of July, 2013.

            **NANNETTE JOLIVETTE BROWN**
            **UNITED STATES DISTRICT JUDGE**

---

[44] *Livingston Downs Racing Ass'n*, 259 F. Supp. 2d at 481.

[45] Rec. Doc. 11.